FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 MAR -8  A 10: 58

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RITA K. HIGHSMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: CV206-122 |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport ("the ALJ" or "ALJ Davenport"), denying her claim for Disability Insurance Benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments on August 8, 2003, alleging that she became disabled on March 19, 2003 due to fibromyalgia, hypermobility syndrome, degenerative joint disease of both knees, a history of ulcers and gastroesophageal reflux disease (GERD), high cholesterol, depressive disorder, and carpal tunnel syndrome (CTS). (Tr. at 14-15).

AO 72A
(Rev. 8/82)

After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On March 11, 2005, ALJ Davenport held a hearing at which Plaintiff appeared and testified. ALJ Davenport found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Tr. at 14). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5).

Plaintiff, born on August 12, 1955, was fifty (50) years old when ALJ Davenport issued his decision. She has a high school education. (Tr. at 14). Her past relevant work experience includes employment as a school bus driver and as a physical therapy aide. (Id.).

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to

preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. <u>Yuckert</u>, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. <u>Id.</u> If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. <u>Phillips</u>, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. <u>Yuckert</u>, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date of March 19, 2003, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 15). At step two, the ALJ determined that Plaintiff had degenerative joint disease and fibromyalgia, impairments considered "severe" within the meaning of the Act. (Tr. at 16). However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (<u>Id.</u>). The ALJ found that Plaintiff retains

> the residual functional capacity to perform light exertional work that can be done despite mild-to-moderate pain and that requires no climbing of ladders/ropes/scaffolds/balancing, crawling, crouching, kneeling, or stooping; no more than occasional climbing ramps/stairs; occasional use of both legs for pushing/pulling (but not total preclusion to the use of both feet, given that claimant continues [to] operate foot controls as she can and does drive an automobile); and no work around hazards (heights, dangerous machinery).

(Id.). At the next step, ALJ Davenport concluded that Plaintiff's past relevant work was precluded by her residual functional capacity. (Id.). Finally, the ALJ considered the testimony of a vocational expert, and concluded that based on Plaintiff's residual functional capacity, age, education, and work experience, there are a significant number of jobs in the national economy which Plaintiff is able to perform. (Tr. at 22-23). Accordingly, ALJ Davenport found Plaintiff not disabled within the meaning of the Act. (Tr. at 23).

## ISSUES PRESENTED

I.   Plaintiff contends that the ALJ failed to give proper weight to the opinion of her treating physician.

II.  Plaintiff alleges that the ALJ improperly failed to credit her own subjective testimony.

III. Plaintiff asserts that the ALJ posed a deficient hypothetical question to the vocational expert.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the

Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **The ALJ Gave Proper Weight to the Opinion of Plaintiff's Treating Physician**

Aside from citing applicable case law, the entirety of Plaintiff's allegation on this point is simply that "[t]he ALJ did not have a sufficient basis to reject the doctor's opinions that the Plaintiff was disabled." (Doc. No. 11, pp. 4-5). Plaintiff refers to no specific medical opinion of any treating source, although in her "Statement of the Issues," she asserts that the ALJ failed to give proper weight to the opinion of Dr. DaVanzo, who is Plaintiff's treating psychiatrist. Plaintiff gives no more specificity as to what errors she contends were made by the ALJ in this regard. Defendant contends that the ALJ specifically addressed Dr. DaVanzo's medical opinion and explicitly gave his reasons for discounting the opinion.

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

This Court finds that ALJ Davenport had "good cause" to discount the opinions of Dr. DaVanzo. In the absence of any guidance from Plaintiff as to what medical opinion she alleges the ALJ should have given more weight, Defendant suggests that Plaintiff may have in mind Dr. DaVanzo's September 7, 2005 "to whom it may concern" letter, in which she states that Plaintiff is "diagnosed with Major Depressive Disorder, severe, recurrent," and that she is "severely impaired and totally disabled." (Tr. at 364). If this is indeed the opinion to which Plaintiff means to refer, – and it appears to be the only document from Dr. DaVanzo's office in the record before this Court – Plaintiff's contention that the ALJ failed to properly credit this opinion must fail.

After analyzing Plaintiff's psychological consultative evaluation, ALJ Davenport makes reference to "the opinion expressed by claimant's treating psychiatrist," citing and quoting Dr. DaVanzo's letter. (Tr. at 17). The ALJ explicitly found Dr. DaVanzo's opinion "conclusory, totally unsupported by any medical evidence of record, and [ ] an

issue reserved to the Commissioner." (Tr. at 17). These are the precise reasons given by the <u>Lewis</u> court for which it is proper to discount a treating physician's opinion. Because the ALJ met the appropriate standard in rejecting Dr. DaVanzo's opinion, and because Plaintiff offers what amounts to no argument on this point, the Court concludes that ALJ Davenport did not err in the weight afforded to Plaintiff's treating physician.

II.  **The ALJ Properly Considered Plaintiff's Subjective Testimony**

As to her second enumeration of error, Plaintiff contends that "[t]he ALJ did not state a sufficient reason for rejecting the Plaintiff's decision regarding pain, thereby [ ] requiring reversal." (Doc. No. 11, p. 5). In her "Statement of the Issues," Plaintiff refers to her testimony about her driving habits, including the fact that she has driven to North Carolina. Plaintiff asserts that

> [t]he Administrative Law Judge's opinion that Plaintiff drives to North Carolina and back is contrary to the evidence, since the Claimant testified that she drives only when she has to, and although she did drive to North Carolina 'a while back, . . . I had to stop a lot . . . I have trouble with my knee and my back so I can't drive very far any more . . . I went to the doctor. I have problems with my foot and it hurts whenever I mash the gas peddle . . . '.

(Doc. No. 11, p. 1). Again, this is the extent of Plaintiff's enumeration of error on this issue.

Where the ALJ discredits a claimant's testimony, he must articulate "explicit and adequate reasons for this decision." <u>Williams v. Barnhart</u>, 140 Fed. Appx. 932, 935 (11th Cir. 2005) (citation omitted). Failure to articulate the reasons for discrediting a claimant's testimony means that the testimony must be accepted as true as a matter of law. <u>Id.</u> In the instant case, ALJ Davenport's report noted Plaintiff's testimony at the hearing. (Tr. at 17, 19). The ALJ stated that he found that "the claimant is not fully

credible with regard to her subjective allegations because the objective medical evidence and claimant's activities of daily living fail to support the degree of pain and limitations she alleges result from her medically determinable impairments." (Tr. at 19). The ALJ properly rejected Plaintiff's subjective testimony about her symptoms because substantial evidence existed in the record to determine that Plaintiff's claims were not credible to the extent she alleged. The ALJ specifically noted Plaintiff's claim that she was unable to drive because of "her knee locking up," and found that "yet she drives (even to North Carolina and back illegally using her left leg) . . . ." (Tr. at 19). ALJ Davenport systematically articulated "explicit and adequate reasons" for discrediting Plaintiff's allegations of completely disabling symptoms. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). It is clear that substantial evidence existed in the record to determine that Plaintiff's subjective testimony was not wholly credible.

### III.    The ALJ Did Not Err in His Hypothetical Questions to the Vocational Expert

Plaintiff contends that the ALJ must pose hypothetical questions which comprise all of the claimant's impairments, and that in this case, "the hypothetical question was deficient, which means that there was no proof of other suitable work the Plaintiff was capable of performing." (Doc. No. 11, p. 6). Again, Plaintiff fails to explain what specifically was deficient about the hypothetical posed to the vocational expert, or even to which of the two hypotheticals she refers. Regardless, Plaintiff's claim is wholly without merit.

It is clear that the hypothetical questions the ALJ poses to the vocational expert must comprehensively describe the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the hypothetical must only include limitations

that are supported by the record. <u>Turner v. Comm'r of Soc. Sec.</u>, 182 Fed. Appx. 946, 950 (11th Cir. 2006) (citing <u>Jones</u>, 190 F.3d at 1229). As detailed *supra*, the ALJ concluded that based on the evidence of record, Plaintiff retains

> the residual functional capacity to perform light exertional work that can be done despite mild-to-moderate pain and that requires no climbing of ladders/ropes/scaffolds/balancing, crawling, crouching, kneeling, or stooping; no more than occasional climbing ramps/stairs; occasional use of both legs for pushing/pulling (but not total preclusion to the use of both feet, given that claimant continues [to] operate foot controls as she can and does drive an automobile); and no work around hazards (heights, dangerous machinery)."

(Tr. at 16). The ALJ's first hypothetical included this *exact* RFC:

> Under the first hypothetical, assume that I found on the basis of the credible evidence [ ] that the Claimant had demonstrated exertional impairments reflecting a residual functional capacity for a range of light work. Excuse me. Sorry. She could never balance. She could occasionally climb, although never on a ladder, rope or scaffold. She could occasionally crawl – I'm sorry – should never crawl, crouch, kneel or stoop. Okay. That's never balance. Occasionally climb but never on a ladder, rope or scaffold; never crawl, never crouch, never kneel, never stoop. She would have occasional use of her legs for pushing and pulling. You should note, however, that this does not include the use of both feet to operate foot controls because the Claimant still can and does drive an automobile. She should not work around hazards, such as unprotected dangerous heights or unguarded dangerous machinery.

(Tr. at 64). Thus, ALJ Davenport appropriately used a vocational expert to testify as to whether these limitations, which were the limitations he eventually found Plaintiff to have based on the evidence before him, would preclude Plaintiff from performing other jobs in the national economy. The vocational expert identified two jobs that Plaintiff could perform given her identified limitations. (Tr. at 22). The hypothetical posed to the vocational expert was clearly not in error.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 8th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE